IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK ROBERT CHESTER, *et al.*, | : : | |
| Plaintiffs | : : | No. 1:08-CV-1261 |
| v. | : : | (Chief Judge Kane) |
| JEFFREY A. BEARD, *et al.*, Defendants | : : : | (Electronically Filed) |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**STATEMENT OF THE CASE**

A.   **Nature of the Action and Parties**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking injunctive relief.

*Plaintiffs* are: **FRANK ROBERT CHESTER, ZACHARY WILSON** and **DONALD HARDCASTLE**, state prisoners incarcerated at the State Correctional Institution at Graterford ("SCI-Graterford").[1]

*Defendants* are: **JEFFREY A. BEARD, Ph.D.**, Secretary of the Pennsylvania Department of Corrections ("DOC"); and **FRANKLIN J. TENNIS,**

---

[1] The complaint asserts that this is being brought as a class action on behalf of all prisoners sentenced to death.

Superintendent of the State Correctional Institution at Rockview ("SCI-Rockview").[2]

### B. Relevant Procedural History

This matter was originally begun in the Eastern District of Pennsylvania, but was transferred to this District by that court's order of May 29, 2008.[3] Prior to the transfer to this District, defendant had, *inter alia*, moved to dismiss this matter or, alternatively, aspects of it. Following a case management conference conducted by this Court on September 23, 2008, the remaining aspects of defendants' motion to dismiss were denied as moot and the Court established a new schedule for responding to the complaint and for other procedurals steps, should they be required.

In line with the same, defendants filed a motion, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), to dismiss the complaint on October 3, 2008. This brief is being submitted in support of that motion.

### C. Factual Allegations

The complaint asserts that the procedures used by the DOC to carry out execution by lethal injection as provided by Pennsylvania law, specifically, by 61

---

[2] The complaint also named SCI-Graterford Superintendent DAVID DiGUGLIELMO as a defendant, but he was dismissed as a party on May 29, 2008, prior to the transfer of this matter to this District.

[3] In the Eastern District this matter was docketed at No. 2:07-CV-4742.

2

P.S. § 3004(a), violate the Eighth and Fourteenth Amendments.[4] Plaintiffs claim that, for a variety of reasons, the DOC's lethal injection procedures present "an unnecessary risk that Plaintiffs will suffer painful and unconstitutional executions." Complaint at ¶ 36. Specifically, they assert, albeit in purely general and/or speculative fashion, that defendants have failed to provide for the proper administration of the various chemical agents that are used in the execution process, and use of the equipment to facilitate the administration of those chemicals. They also contend, without any amplification, that the DOC has not properly trained personnel in the administration of lethal injections and has not "promulgate[d] practices to respond to the numerous well-publicized problems and complications associated with lethal injection." *Id.* at ¶¶ 20-39.

## QUESTION PRESENTED

## SHOULD THE COURT DISMISS THE COMPLAINT?

---

[4] Plaintiffs based their allegations about the purported inadequacies of the execution process on the content of correspondence dated November 24, 2004, which supplies information about the lethal injection procedures used by the DOC. That letter is attached as Exhibit A to the complaint.

# ARGUMENT

## THE COURT SHOULD DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; ALTERNATIVELY, THE COMPLAINT FAILS TO STATE ANY CLAIM FOR WHICH RELIEF MAY BE GRANTED.

### A.  Introduction

Defendants' pending motion asks this Court to dismiss the complaint for two separate reasons: *first*, because subject matter jurisdiction is lacking as there is no actual case or controversy; and *second*, because the allegations contained in the complaint fail to set forth any cognizable claim under either the Eighth or Fourteenth Amendments to the United States Constitution. Specifically, the Supreme Court's recent decision in *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008), makes it clear that allegations about a state's lethal injection protocol of the sort found in the complaint here are insufficient to state claims of constitutional harm.

By way of background to the discussion of these issues, certain relevant legal principles that apply to Section 1983 actions are summarized in part B, *infra*. The jurisdictional problems warranting dismissal of this matter are addressed in part C. The complaint's failure to state any viable claim in general, or against either of the named defendants in particular, is discussed in part D. These various deficiencies, jointly and severally, should cause the Court to dismiss this action.

B.  **Section 1983 Actions**

1.  **Requirement of Personal Involvement**

A complaint which seeks relief under Section 1983 must reflect the personal involvement of each defendant it names in the conduct which gives rise to the action. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A defendant may not be held liable simply because he/she is the superior or supervisor of others, or on a theory of *respondeat superior*. *See Rizzo v. Goode*, 423 U.S. 362, 375-376 (1976)(explaining that as to those holding supervisory positions, it must be established that those individuals had "direct responsibility for the actions of the employees who engaged[d] in misconduct"); *accord Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990).

2.  **Applicable Statute of Limitations**

A two-year statute of limitations applies to cases brought pursuant to Section 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)(holding that state statutes of limitations applicable to personal injury actions govern § 1983 cases"); *Smith v. City of Pittsburgh*, 764 F.2d 188, 189 (3d Cir. 1985)(holding that Pennsylvania's two-year statute of limitations for personal injury actions applies).[5] *Accord Rose v. Bartle*, 871 F.2d 331, 347 n. 13 (3d Cir. 1989). The statute of

---

[5] *See* 42 Pa.C.S.A. § 5524(2)(containing the applicable Pennsylvania statute of limitations).

limitations begins to run when a "plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).

C.  **The Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.**

While defendants acknowledge that there has previously been a ruling in this matter that concluded that the named plaintiffs have standing to challenge the lethal injection policy, *see* Order of May 29, 2008, because jurisdiction is such an important issue, we would request that the Court revisit this issue. Put simply, it is defendants' position that, at this juncture, there is no live case or controversy involving any of the plaintiffs and the policy they seek to challenge. None is presently facing imminent execution. Indeed, it is now unclear given various legal rulings in their criminal cases when, or if, they will.

Each of the three plaintiffs has been convicted of first degree murder and sentenced to death.[6] However, only one, Chester, is still under a sentence of

---

[6] *See Commonwealth v. Chester*, 587 A.2d 1367 (Pa. 1991)(Chester and co-defendant Richard Laird convicted of first degree murder and other crimes in the December 1987 murder of Anthony Milano in Buck County); *Commonwealth v. Wilson*, 649 A.2d 435 (Pa. 1994)(Wilson convicted of first degree murder in August 1981 death of Jaime Lamb in Philadelphia County); *Commonwealth v. Hardcastle*, 546 A.2d 1101 (Pa. 1988)(Hardcastle convicted of two counts of first degree murder in the May 1982 deaths of Joseph Gregg and Ernestine Dennis in Philadelphia County).

death.[7]  Wilson and Hardcastle's convictions and sentences have been vacated by the federal courts and new trials have been ordered in both cases.[8]

" 'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.' " *Raines v. Byrd*, 521 U.S. 811, 818 (1997)(quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976)). "Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over [a] dispute . . . only if it is a 'case' or 'controversy.'  This is a 'bedrock requirement.' " *Raines*, 521 U.S. at 818 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). "One element of the case-or-controversy requirement is that [a plaintiff], based on [his] complaint, must establish that [he has] standing to sue." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  In order to do this, a plaintiff has to demonstrate that he has a "personal stake," *i.e.*, that he is suffering or stands to suffer an injury that affects him in a personal and individual

---

[7] Judicial review of Chester's case has not been completed.  His application for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is pending.  *See Chester v. Horn*, No. 2:99-CV-4111 (E.D.Pa.).  There is no active execution warrant for Chester.

[8] *See Wilson v. Beard*, 2006 WL 2346277 (E.D. Pa., Aug. 9, 2006); and *Hardcastle v. Horn*, 521 F.Supp.2d 388 (E.D. Pa. 2007).  In each of these cases, there is a pending appeal from the order granting *habeas corpus* relief.  *See Wilson v Beard*, No. 06-9004 (3d Cir.) and *Hardcastle v. Horn*, No. 07-9007 (3d Cir.).

way. The injury has to be concrete and particularized, not abstract or speculative. *Id.* at 818-819 (citing, *Lujan, supra,* and *Allen v. Wright,* 468 U.S. 737, 751 (1984)). "We have always insisted on strict compliance with this jurisdictional standing requirement," the Supreme Court has said. *Id.* Given the developments which figure here, whether any of the plaintiffs will ever be affected by the DOC's lethal injection policy is unknown and at least with respect to Wilson and Hardcastle, speculative. Significantly, nothing reflects that any of the named plaintiffs actually has a personal stake in its application at this time. Because of this, the Court should determine that they lack standing and, following from the same, that it does not have jurisdiction of this matter.

D. **The Complaint Fails to State Any Claim For Which Relief May Be Granted.**

There are several different, co-existing reasons why the complaint is deficient in terms of stating any actionable claim. These deficiencies warrant dismissal of the complaint in its entirety and/or of individual claims.

1. **The Prisoners' Claims Are Barred By the Statute of Limitations.**

The event or occurrence which forms the basis for this action is the DOC's implementation of allegedly unconstitutional procedures to carry out executions as provided for in 61 P.S. § 3004. The current statute providing for lethal injection as the method of execution in Pennsylvania was signed into law on June 18, 1998 and

8

became effective 60 days letter on July 17, 1998. As of that latter date, plaintiffs had reason to know that they were subject to execution by lethal injection pursuant to procedures formulated by the DOC and to any allegedly unconstitutional treatment that might result from the process. *See* n. 6, *supra*, (reflecting that all three were convicted of capital murder before the effective date of the statute). Because their injury accrued when they became subject to the allegedly unconstitutional practices on that date any challenge to the constitutionality of the process should have therefore been commenced within two years of that same, *i.e.*, on or before July 17, 2000.

But even if it could be said that plaintiffs did not know or have reason to know of their alleged injury until the DOC released information detailing the same in the correspondence appended to the complaint, the result is still the same. As that attached correspondence reflects, the information was communicated in late-November of 2004, *three* years before this suit was filed. It is nonetheless untimely and should be dismissed on this basis.

   2.   **The Complaint States No Cognizable Eighth Amendment Claim Related to the Lethal Injection Process.**

With its recent decision in *Baze*, *supra*, the Supreme Court clarified what is necessary in order to obtain relief under the Eighth Amendment with respect to the

lethal injection procedures a state uses to carry out executions.[9] In its discussion, the court emphatically rejected the notion that an execution must be pain-free in order to be constitutional. To the contrary, it observed that "[s]ome risk of pain is inherent in any method of execution-no matter how humane-if only from the prospect of error in following the required procedure. It is clear, then, that the Constitution does not demand the avoidance of all risk of pain in carrying out executions." *Baze*, ___ U.S. at ___, 128 S.Ct. at 1529. Rather, the Constitution forbids "the deliberate infliction of pain for the sake of pain-'superadd[ing]' pain to the death sentence through torture and the like." *Id.* at 1530.

In *Baze*, the court specifically rejected the contention that the Eighth Amendment "prohibits procedures that create an 'unnecessary risk' of pain," the very claim which is made in the complaint in this case. *See* Complaint at p. 1, ¶ 2 ("Defendants will violate Plaintiffs' rights by executing Plaintiffs using a lethal injection procedure that will subject Plaintiffs to an unnecessary risk of pain and suffering"); pp. 1-2, ¶ 3; p. 10, ¶ 36; and p. 1,

---

[9] *Baze* involved a challenge to Kentucky's three-drug lethal injection protocol, which calls for the administration of: sodium thiopental, a fast-acting barbiturate sedative; pancuronium bromide, a paralytic agent; and potassium chloride, a drug that will induce cardiac arrest. *Baze*, ___ U.S. at ___, 128 S.Ct. at 1527. It is asserted in the complaint (and is in fact undisputed) that Pennsylvania's protocol employs the same three drugs. Complaint at Exhibit A, pp. 1-2.

¶ 40.  Instead, the court said that the Eighth Amendment requires both an objective evaluation of the likely impact of the procedures being challenged and a comparatively high level of proof:

> Our cases recognize that subjecting individuals to a risk of future harm-not simply actually inflicting pain-can qualify as cruel and unusual punishment.  To establish that such exposure violated the Eighth Amendment, however, the conditions presenting the risk must be '*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers.' *Helling v. McKinney*, 509 U.S. 25, 33 . . . (1993)(emphasis added).  We have explained that to prevail on such a claim there must be a 'substantial risk of serious harm," an 'objectively intolerable risk of harm' that prevents prison officials from pleading that they were 'subjectively blameless for purposes of the Eighth Amendment." *Farmer v. Brennan*, 511 S.Ct. 825, 842, 846 and n. 9 . . . (1994).

*Baze*, ___ U.S. at ___, 128 S.Ct. at 153-1531 (citations and emphasis in original).

In determining that Kentucky's lethal injection protocol was constitutional when scrutinized in this fashion, the court also considered claims by the prisoner-petitioners that "numerous aspects of the protocol . . . create[d] opportunities for error."  *See id.* at 1533.[10]  Because there was nothing substantial in terms of possible error in implementation, the court ultimate said that "[t]he risks of maladministration . . . [could] not remotely be characterized as 'objectively intolerable.' " *Id.* at 1537.

---

[10]  The complaint here does not appear to challenge Pennsylvania's use of the same three chemical agents *per se*.  However, if such a claim is actually being made here, then it should be dismissed in the wake of the analysis in *Baze*.

The chief problem with the complaint here is that, in terms of the constitutional claims it presents, it essentially tracks those made—unsuccessfully—by the petitioners in *Baze*. As previously detailed, its allegations of unconstitutionality are predicated on the assumption that an assertion of an "unnecessary risk of pain' associated with the lethal injection process would suffice to state a claim of cruel and unusual punishment. *Baze* has made it clear that assertions of this kind are insufficient.[11] A complaint must now evince an "objectively intolerable" risk of harm in order to state a claim.

The pleading here does not do this. While it does make some generalized "maladministration" contentions, *see, e.g.*, pp. 7-11, ¶¶ 26-40, such vague allusions do not in any meaningful way portray an "objectively intolerable" risk of harm as that term has been explicated in *Baze*.[12] *See* ___ U.S. at ___, 128 S.Ct. at 1531 (where the court stressed that "[s]imply because an execution method may result in pain, either by accident or as an inescapable consequence of death, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and

---

[11] *Baze* also rejected allegations concerning veterinary practices as irrelevant to the calculus. ___ U.S. at ___, 128 S.Ct. at 1535-1536. Insofar as the complaint here contains similar contentions, *see* Complaint at p. 11, ¶¶ 37-39, it adds nothing to the viability of the prisoners' claims.

[12] Notably, these allegations are formulated based on the absence of information from the statement of policy attached as Exhibit A to the complaint. That a point is not addressed is hardly a justifiable basis for asserting a constitutional deficiency in the process on such basis.

unusual"). Accordingly, it should be dismissed for failure to state a cognizable claim.

    3.    **The Complaint Likewise States No Viable Claim Under The Fourteenth Amendment.**

The prisoners' challenge to the Commonwealth's lethal injection protocol is also brought pursuant to the Fourteenth Amendment. *See* Complaint at p. 1, ¶1, and p. 11, ¶ 40. The complaint fares no better in terms of stating any cognizable claim involving the lethal injection protocol under this constitutional provision. For, as the Supreme Court has explained, in situations involving convicted prisoners, where a claim asserts the wanton or unnecessary infliction of pain, the Fourteenth Amendment affords no greater rights than the Eighth. *See Whitley v. Albers*, 475 U.S. 312, 325 (1986)(explaining that it is the Eighth Amendment that constitutes the primary source of substantive rights with regard to the infliction of pain on convicted prisoners). Because the complaint fails to present any Eighth Amendment relating to the lethal injection protocol for the reasons previously discussed, it necessarily fails to state any claim under the Fourteenth. In this respect, too, it should be discussed.

    4.    **The Complaint States No Claim Against Superintendent Tennis.**

Finally, there is yet another deficiency in the complaint: it fails to reflect any personal involvement on the part of the Superintendent of SCI-Rockview in

the formulation of the policy at issue, nor anything that would serve to establish that he is aware that the DOC policy now being challenged is unconstitutional. It seems apparent that he is being included as a part merely on the basis of his position as the administrative head of the institution at which executions are carried out. What little that appears in the complaint regarding this defendant, doesn't meet the requirements of personal involvement necessary for § 1983 claims. *See Rizzo, supra; Rode, supra.* Defendant Tennis should therefore be dismissed as a party.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the complaint.

**Respectfully submitted,**

**THOMAS W. CORBETT, JR.**
Attorney General

**RICHARD A. SHEETZ, JR.**
Executive Deputy Attorney General
Director, Criminal Law Division

By: /s/ Amy Zapp
AMY ZAPP

OFFICE OF ATTORNEY GENERAL
Criminal Law Division
16th Floor, Strawberry Square
Harrisburg, PA  17120
Phone:  (717) 705-4487
Fax:  (717) 783-5431
E-mail: azapp@attorneygeneral.gov
DATE:  October 20, 2008

Chief Deputy Attorney General
Appeals and Legal Services Section
Attorney I.D. No. 28065
**Counsel for DEFENDANTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK ROBERT CHESTER, *et al.*, | : |
| Plaintiffs | : No. 1:08-CV-1261 |
| v. | : (Chief Judge Kane) |
| JEFFREY A. BEARD, *et al.*, | : (Electronically Filed) |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Amy Zapp, Chief Deputy Attorney General, certify that a true and correct copy of **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** has been served via first class mail as follows:

David Rudovsky
Kairys, Rudovsky, Messing & Feinberg
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

Elizabeth Hoop Fay
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Maxine M. Woelfling
Morgan, Lewis & Bockius
17 North Second Street
Suite 1420
Harrisburg, PA 17101-1601

Joseph B.G. Fay
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Kenneth M. Kulak
Morgan, Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

By: _____
AMY ZAPP
Chief Deputy Attorney General
Appeals and Legal Services Section
Attorney I.D. No. 28065