IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK ROBERT CHESTER, *et al.*, | : : | |
| Plaintiffs | : : | No. 1:08-CV-1261 |
| v. | : : | (Chief Judge Kane) |
| JEFFREY A. BEARD, *et al.*, | : | (Electronically Filed) |
| Defendants | : | |

## ANSWER

Defendants, **JEFFREY A. BEARD, Ph.D.**, and **FRANKLIN J. TENNIS**, by their attorneys hereby answer the complaint as set forth below.

### First Defense

Defendants respond to the allegations contained in the numbered paragraphs of the complaint as follows:

¶1. DENIED as conclusions of law, or introductory material, to which no response is required. To the extent the allegations in this paragraph may be understood to assert that there is an actual need for plaintiffs to institute this action to enjoin unconstitutional conduct, such allegations are DENIED.

¶2. The first sentence in this paragraph is DENIED as stated. It is ADMITTED that, in the past, all three of the prisoner-plaintiffs have been sentenced to death. It is DENIED that all three presently remain under that sentence. The remaining allegations in this paragraph are DENIED as

conclusions of law, or legal argument to which no response is required. To the extent the remaining allegations may be deemed factual, they are DENIED as is any implication that they accurately set forth the correct constitutional standard for relief.

¶3. DENIED as conclusions of law to which no response is required. To the extent that the allegation in this paragraph are deemed to be factual, they are DENIED as is any implication that they accurately set forth the correct constitutional standard for relief.

¶4. DENIED as introductory material, to which no response is required. To the extent the allegations in this paragraph may be understood to assert that there is an actual need for plaintiffs to institute this action to enjoin unconstitutional conduct, such allegations are DENIED.

¶¶5-6. DENIED as conclusions of law to which no response is required.

¶7. ADMITTED.

¶8. The allegations in this paragraph are ADMITTED except for those which are contained in the fifth sentence. At present, defendants are without sufficient information so as to be able to admit or deny the truth of those remaining allegations.

¶9. The first, second, third and sixth sentences in this paragraph are ADMITTED. The fourth sentence is DENIED. At present, defendants are without sufficient information so as to be able to admit or deny the truth of the remaining allegations in this paragraph.

¶10. DENIED as conclusions of law to which no response is required.

¶11. The first and third sentences in this paragraph are ADMITTED. The remaining allegations in this paragraph are DENIED as conclusions of law to which no response is required.

¶12. No response to the allegations in this paragraph is required as the individual identified therein has been dismissed as a party from this suit.

¶13. ADMITTED that defendant Tennis is presently the Superintendent of the State Correctional Institution at Rockview ("SCI-Rockview") and that, to date, executions of death-sentenced prisoners have been carried out at that Department of Corrections ("DOC") facility. Insofar as this paragraph alleges that plaintiffs will be executed at that facility, defendants are presently without sufficient knowledge or information so as to be able to admit or deny such allegation. The remaining allegations in this paragraph are DENIED as conclusions of law to which no response is required.

¶¶14-20.  It is ADMITTED (as asserted in ¶15) that, at present, there are more than 200 prisoners incarcerated in Pennsylvania who have been sentenced to death by the courts of the Commonwealth.  The remaining allegations are DENIED as conclusions of law to which no response is required.

¶21.  The first sentence is ADMITTED.  Any implication that maintenance of the manual's confidentiality is improper is DENIED.

¶22.  ADMITTED with this qualification:  that the DOC letter referenced detailed procedures in effect at the time the letter was sent.  Insofar as the allegations of this paragraph may assert or imply that the content of the letter describes current procedures, they are DENIED.

¶23.  The first two sentences in this paragraph are ADMITTED.  It is also ADMITTED that the DOC letter referenced indicates that sodium thiopental will be administered prior to the injection of pancuronium bromide and also reflects that no additional anesthetics or barbiturates are administered once the latter drug has begun being injected.  Any allegation or implication that these procedures do not comply with the requirements of state law, specifically, 61 P.S. §3004(a), or that they are constitutionally unacceptable is DENIED as is any assertion or implication that failure to comply with this statute amounts to a cognizable constitutional violation.

¶24. The final sentence in this paragraph is ADMITTED. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated in this paragraph.

¶25. ADMITTED that the referenced DOC letter contains the statements quoted in this paragraph and also that the letter does not "explain what 'other health care professionals' " may be involved in the handling of sodium thiopental to be used in executions. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated in this paragraph.

¶26. It is ADMITTED that, as described in the DOC letter attached as Exhibit A to the complaint, 2 angiocath catheters are used in separate veins to administer sodium thiopental and other drugs and substances. It is DENIED that personnel responsible for carrying out the lethal injection execution process are not properly trained. The remaining allegations in this paragraph constitute legal argument or conclusions of law to which no response is required. To the extent they may be deemed factual, defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated.

¶27. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the allegations as stated in this paragraph.

¶28. The first sentence of this paragraph is DENIED as stated. It is ADMITTED that the referenced letter does not specifically address this topic; it is, however DENIED, that the procedures described in that latter or DOC policy or procedures in general provide for the improper or inadequate administration of sodium thiopental. It is DENIED that there is a risk that a prisoner will be conscious during his execution and that he will suffer unnecessary pain due to the DOC's execution procedures. The remaining allegations in this paragraph constitute legal argument or conclusions of law to which no response is required. To the extent they may be deemed factual, defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated.

¶29. The first sentence in this paragraph is ADMITTED except to the extent it may be alleging that the injection of these two drugs occurs in this order without the intervening injection of another substance. Any assertion to such effect is DENIED. The remaining allegations in this paragraph constitute legal argument or conclusions of law to which no response is required. To the extent they may be deemed factual, defendants are

presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated.

¶30. The first sentence in this paragraph is ADMITTED. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the allegations as stated in this paragraph.

¶31. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the allegations as stated in this paragraph. However, to the extent these allegations may be assertion that DOC procedures involve the improper handling of the drugs in question and/or the inadequate training of personnel conducting executions, they are DENIED.

¶32. The allegations in this paragraph are DENIED as stated. It is ADMITTED that the DOC letter discusses the potential problems that might be caused by the improper flushing of sodium thiopental prior to the administration of pancuronium bromide, and does mention only one alternative option identified in this paragraph for dealing with a situation of this sort. Any implication that the DOC procedures are constitutionally inadequate for this reason is DENIED. The remaining allegations in this paragraph constitute legal argument or conclusions of law to which no response is required. To the extent they may be deemed factual, defendants

are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated.

¶33. The first sentence of this paragraph is ADMITTED. Defendants are presently without sufficient knowledge or information so as to be unable to admit or deny the remaining allegations as stated in this paragraph. However, defendants generally DENY that the DOC.s lethal injection procedures involve the improper preparation and administration of the drugs used to carry out a defendant's capital sentence and that the types of events or occurrences described in this paragraph are likely to result.

¶34. DENIED.

¶35. Defendants are presently without sufficient knowledge or information so as to be able to respond to the allegations in the first sentence as they do not know to what "numerous well-publicized problems and complications associated with lethal injection," the complaint may be referring. The remaining allegations in his paragraph, including those in subparagraphs (a) through (d) are DENIED as stated. It is, moreover, generally DENIED that the DOC's procedures and policies for implementing executions by lethal injection are in any way, including in any of the respects referenced in these subparagraphs, constitutionally deficient.

¶36.  Defendants are presently without sufficient knowledge or information so as to be able to respond to the allegations in the final sentence as they do not know to what executions by lethal injection in other jurisdictions the complaint may be referring.  The remaining allegations in this paragraph are conclusions of law or legal argument to which no response is required.  To the extent that they may be deemed factual, they are DENIED.

¶37.  It is ADMITTED that the report identified in this paragraph, makes a statement to such effect (at p. 681).  Insofar as the allegations in this paragraph may be read to assert, or otherwise imply, that the information, opinions, assessment or other material contained in this report have any relevance to human executions, such allegations are DENIED.  By way of further answer, the most recent edition of the American Veterinary Medical Association's (AVMA) report on this topic, now entitled as the AVMA Guidelines on Euthanasia (June 2007), express state that they "are in no way intended to be used for human lethal injection."  Moreover, they also expressly state that: "The application of a barbiturate, paralyzing agent, and potassium chloride delivered in separate syringes or stages (the common method used for human lethal injection) is not cited in the report," and that

"[t]he report never mentions pancuronium bromide or Pavulon, the paralyzing agent used in human lethal injection."

¶38. It is ADMITTED that, at p. 681, the 2000 AVMA Report contains a statement to the effect of that quoted in the first sentence of this paragraph. Any implication that this quoted statement has any relevance for, or in any way relates to, human executions is DENIED. It is DENIED that DOC personnel responsible for administering lethal injections lack appropriate training and knowledge. To the extent the allegations in this paragraph may be understood to assert that DOC personnel lack proper training based on purported non-compliance with standards or guidelines set forth in the 2000 AVMA Report, such allegations are DENIED, as is any implication that such standards or guidelines are in anyway relevant to human executions.

¶39. DENIED, as is any implication that methods for euthanizing animals have any relevance for human executions.

¶40. DENIED as conclusions of law to which no response is required.

### Second Defense

The complaint fails to state any claim against the defendants for which relief may be granted.

### Third Defense

This action is barred by the statute of limitations and/or by the doctrine of laches.

### Fourth Defense

The court lacks jurisdiction to hear and decide this matter as there is no actual case or controversy.

### Fifth Defense

The plaintiffs, jointly and severally, lack standing to litigate this action.

### Sixth Defense

Defendants are immune from suit by virtue of an absolute, sovereign, governmental or qualified immunity.

### Seventh Defense

Plaintiffs have not exhausted their administrative remedies.

### Eighth Defense

This suit is legally frivolous, entitling defendants to an award of costs and attorneys fees.

### Ninth Defense

Some or all of plaintiffs' claims are barred by *res judicata* or collateral estoppel.

### Tenth Defense

This case is barred, in whole or in part, by the Eleventh Amendment.

### Eleventh Defense

At no time have answering defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### Twelfth Defense

At all material times, answering defendants acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity from damages therefor.

### Thirteenth Defense

Any harm occurring to plaintiffs, which harm is expressly denied, was the proximate result of actions or inactions of a person or persons other than the answering defendants.

### Fourteenth Defense

Plaintiff is entitled to no relief from answering defendants.

WHEREFORE, the Court should enter judgment for the defendants on all of plaintiffs' claims, together with costs and attorneys fees.

                              Respectfully submitted,

                              THOMAS W. CORBETT, JR.
                              Attorney General

                              RICHARD A. SHEETZ, JR.
                              Executive Deputy Attorney General
                              Director, Criminal Law Division

By: _____
       AMY ZAPP
       Chief Deputy Attorney General
       Special Litigation Section
       Attorney I.D. No. 28065

       Counsel for DEFENDANTS

OFFICE OF ATTORNEY GENERAL
Criminal Law Division
16th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-4487
Fax: (717) 783-5431
E-mail: azapp@attorneygeneral.gov

DATE: October 13, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK ROBERT CHESTER, *et al.*, | : | |
| Plaintiffs | : | No. 1:08-CV-1261 |
| v. | : | (Chief Judge Kane) |
| JEFFREY A. BEARD, *et al.*, | : | (Electronically Filed) |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Amy Zapp, Chief Deputy Attorney General, certify that a true and correct copy of **Answer** has been served via first class mail and electronically on this 13th day of October 2009 as follows:

David Rudovsky
Kairys, Rudovsky, Messing & Feinberg
718 Arch Street
Suite 501 South
Philadelphia, PA 19106
drudovsky@krlawphila.com

Elizabeth Hoop Fay
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
efay@morganlewis.com

Maxine M. Woelfling
Morgan, Lewis & Bockius
17 North Second Street
Suite 1420
Harrisburg, PA 17101-1601
mwoelfling@morganlewis.com

Joseph B.G. Fay
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103
jfay@morganlewis.com

Kenneth M. Kulak
Morgan, Lewis & Bockius
1701 Market St.
Philadelphia, PA 19103-2921

kkulak@morganlewis.com

By: _____
AMY ZAPP
Chief Deputy Attorney General
Special Litigation Section
Attorney I.D. No. 28065