IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK ROBERT CHESTER, et al.,**     : | |
|     **Plaintiffs**     : | |
|         : | **Civil No. 1:08-cv-1261** |
| **v.**     : | |
|         : | **(Chief Judge Kane)** |
| **JEFFREY A. BEARD, et al.,**     : | |
|     **Defendants**     : | |

**MEMORANDUM ORDER**

Before the Court is Defendants' motion to strike the appearance of counsel for Terrance Williams. (Doc. No. 84.) For the reasons that follow, the Court will deny the motion.

**I.     BACKGROUND**

The above-captioned action is a class action lawsuit filed pursuant to 42 U.S.C. § 1983, challenging the constitutionality of Pennsylvania's lethal injection protocol. Counsel has been appointed to represent the class, which consists of all persons who are presently under a sentence of death in Pennsylvania or who at some point during the pendency of this action will be under a sentence of death by lethal injection in Pennsylvania.

At the time of the filing of the instant motions, Terrance Williams was set to be executed on October 3, 2012. On August 9, 2012, Assistant Federal Public Defender Maria K. Pulzetti entered an appearance in this action on behalf of Mr. Williams. On August 28, 2012, Defendants filed a status report indicating that the Pennsylvania Department of Corrections had recently revised its lethal injection protocol and that Defendants would provide counsel for Plaintiffs with a copy of the protocol. On September 5, 2012, Attorney Pulzetti filed an interim status report on behalf of Mr. Williams indicating that Defendants had not provided her with the revised lethal injection protocol. Attorney Pulzetti asserted that she intended to seek injunctive relief prior to

Mr. Williams's scheduled October 3, 2012 execution, but that she would not be able to present full and comprehensive grounds for injunctive relief based on the constitutionality of the lethal injection protocol without an opportunity to analyze the protocol.  On September 5, 2012, Defendants filed a motion to strike Attorney Pulzetti's appearance, and on September 26, 2012, Plaintiff Williams filed a motion to intervene, an intervenor complaint, and a motion for stay of execution, temporary retraining order, or preliminary injunction.

On September 28, 2012, Judge Teresa Sarmina of the Court of Common Pleas of Philadelphia granted a stay of Mr. Williams's execution and ordered that a new penalty phase be held.  That same day, the Commonwealth filed an emergency application under Pennsylvania Rules of Appellate Procedure 1702(d) and 3316 to review Judge Sarmina's order staying Mr. Williams's execution.  On October 3, 2012, the Supreme Court of Pennsylvania denied the Commonwealth's application for emergency relief and directed the prothonotary to set a briefing schedule.

## II.    DISCUSSION

Defendants argue that the Court should strike Attorney Pulzetti's appearance for Mr. Williams because: (1) Rule 23 of the Federal Rules of Civil Procedure does not provide for individual representation of class members; and (2) 18 U.S.C. § 3599 does not permit Attorney Pulzetti to represent Mr. Williams in this action.  Neither of these reasons warrant striking Attorney Pulzetti's appearance on behalf of Mr. Williams.

First, appearance of attorneys on behalf of individual class members is recognized as proper in Rule 23.  For example, Rule 23(d)(1)(B)(iii) permits courts to issue orders requiring that notice be given to class members of their "opportunity to signify whether they consider the

[class] representation fair and adequate, and to intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii); <u>see also</u> Fed. R. Civ. P. 23(c)(2)(B)(iv) (requiring that notice be giving to class members of their right to be represented by an individual attorney in classes certified under Rule 23(b)(3)). While Defendants point out that Mr. Williams is already a member of the class of plaintiffs in this case, which was certified pursuant to Rule 23(b)(2), his individual attorney entered an appearance to address his unique concerns in light of the fact that an execution warrant has been issued setting his execution for October 3, 2012. Though the need for individual representation in a class action where the defendants have "acted or refused to act on grounds that apply generally to the class" is usually minimal due to the cohesive nature of Rule 23(b)(2) classes, nothing in Rule 23 prohibits class members from being represented by their own attorneys.

Second, Defendants' argument that Attorney Pulzetti's appearance is improper under 18 U.S.C. § 3599 is unavailing. Attorney Pulzetti was appointed as counsel for Mr. Williams under 21 U.S.C. § 848, which has been recodified at 18 U.S.C. § 3599. <u>Harbison v. Bell</u>, 556 U.S. 180, 189 (2009). Section 3599 provides that attorneys appointed under that section "shall represent the defendant throughout every subsequent stage of available judicial proceedings," including "applications for stays of execution and other appropriate motions and procedures." 18 U.S.C. § 3599(e). Attorney Pulzetti's representation of Mr. Williams in this action is consistent with the statute, because she has filed a motion for stay of execution, temporary restraining order, or preliminary injunction based on the constitutionality of the lethal injection protocol.

Because the Court finds no limitation that would prohibit Attorney Pulzetti's representation of Mr. Williams, the Court will deny Defendants' motion to strike Attorney

Pulzetti's entry of appearance.

### III. CONCLUSION

**ACCORDINGLY**, on this 5th day of October 2012, **IT IS HEREBY ORDERED THAT** Defendants' motion to strike Assistant Federal Defender Pulzetti's appearance on behalf of Mr. Williams (Doc. No. 84) is **DENIED**; and Mr. Williams's motion to file a sur-reply brief (Doc. No. 91) is **DENIED AS MOOT**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania