**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK ROBERT CHESTER, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Civil. No. 1:08-CV-1261** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

On October 22, 2012, Plaintiffs filed an emergency motion seeking leave to serve additional interrogatories and requests for production of documents. (Doc. 135.) As the motion makes clear, however, Plaintiffs actually propounded this discovery prior to filing the motion, and represented that Defendants had refused to answer the discovery solely on the grounds that the requests exceeded the discovery limitations prescribed in the case management order entered in this case in 2009 (Doc. 58). (Id.)

Plaintiffs represent that the newly propounded discovery requests were necessitated by changes that the Commonwealth of Pennsylvania made recently with respect to its death-penalty protocol. Plaintiffs further represent that this matter is particularly urgent, and time is of the essence in discovering the information sought, because the Commonwealth has issued a death warrant

scheduling the execution of Hubert Michael, Jr. for November 8, 2012.

Due to a scheduling conflict that arose immediately following the submission of the motion, the district court referred the emergency motion to the undersigned for initial and prompt consideration. We convened the parties for a telephone conference at 2:30 p.m. on October 24, 2012, to address Plaintiffs' motion and Defendants' opposition thereto. During this call, after hearing argument from all parties, the Court instructed the parties that Defendants' objections to the proposed discovery would be overruled to the extent they were based solely on limitations set forth in a case management order issued almost exactly three years ago, in light of the undisputed changed circumstances presented in this case with respect to the Commonwealth's newly developed death-penalty protocol.

However, we also instructed Plaintiffs that they would be directed immediately to supplement their motion by submitting under seal carefully tailored discovery requests, requests that may have now been narrowed by information that the Commonwealth has already provided. The Court thereafter instructed Defendants to be prepared promptly to offer substantive objections to Plaintiffs' discovery requests, to ensure that the Court is in the position to make an informed judgment with respect to Plaintiffs' discovery request without undue delay,

mindful of the compressed nature of this issue in light of the pending execution of Hubert Michael, Jr. scheduled to be carried out in just over two weeks.

Accordingly, in accordance with the instructions provided to the parties during today's telephone conference, IT IS HEREBY ORDERED THAT:

1. By **9:00 a.m. on October 25, 2012**, Plaintiffs shall supplement their motion for leave to serve additional interrogatories and requests for production of documents by submitting a tailored and specific set of the discovery requests that Plaintiffs wish to propound upon Defendants.

2. Plaintiffs shall be permitted to file this supplemental information under seal without additional leave of Court.

3. Defendants shall be prepared to identify for the Court any substantive objections to the requested discovery, and to advise the Court and the parties regarding these substantive objections during the conference call scheduled with District Court on **Thursday, October 25, 2012, at 1:30 p.m.**

/S/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

So ordered this 24th day of October, 2012