## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK ROBERT CHESTER, <u>et al.</u>,** | : | |
| **Plaintiffs** | : | |
| | : | **Civil No. 1:08-cv-1261** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **JOHN E. WETZEL, <u>et al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

Presently pending before the Court is a motion to intervene filed by Plaintiff Class

Members Terrance Williams and Hubert Michael.  (Doc. No. 125.)  For the reasons that follow,

the Court will deny the motion.

The above-captioned action is a class action lawsuit filed on November 9, 2007, pursuant

to 42 U.S.C. § 1983, challenging the constitutionality of Pennsylvania's lethal injection protocol.

Counsel has been appointed to represent the class, which consists of all persons who are

presently under a sentence of death in Pennsylvania or who at some point during the pendency of

this action will be under a sentence of death by lethal injection in Pennsylvania.  Counsel for

Plaintiff Williams entered an appearance on August 9, 2012, and counsel for Plaintiff Michael

entered an appearance on October 10, 2012, five years after this case was initiated.

Mr. Michael is scheduled to be executed on November 8, 2012, and Mr. Williams was

scheduled to be executed on October 3, 2012.  On September 28, 2012, the Court of Common

Pleas of Philadelphia County, Pennsylvania, granted a stay of Mr. Williams's execution and

ordered that a new sentencing phase be conducted.  The Commonwealth has appealed that ruling

to the Pennsylvania Supreme Court.  On October 15, 2012, Mr. Williams and Mr. Michael filed a

joint motion for permissive intervention in this action.  (Doc. Nos. 125, 126.)  The following

day, they filed an intervenor complaint under seal.

At the outset, Defendants raise several preliminary arguments in opposition to the motion for permissive intervention.  First, they "renew their earlier objections to separate counsel appearing for both of the movants in this matter and continue to rely on the arguments they have previously made."  (Doc. No. 157 at 2-3.)  The Court will reject this argument for the same reasons stated in its October 5, 2012 memorandum order denying Defendant's motion to strike Assistant Federal Defender Maria K. Pulzetti's appearance on behalf of Mr. Williams.  (Doc. No. 117.)  Second, Defendants assert that Mr. Williams lack standing to intervene in this action because the Court of Common Pleas of Philadelphia County granted a stay of his execution and ordered that a new penalty phase be conducted, thereby removing the distinct and palpable injury that Mr. Williams faced when his execution was imminent.  The Court does not agree.  At this time, the Pennsylvania Supreme Court is reviewing the order issued by the Court of Common Pleas, and, as the parties are well aware, death penalty litigation is often complex and involves challenges in many different forums.  To require Mr. Williams to defer filing a motion to intervene in this action until his execution is once again imminent defies logic and runs afoul of the principles of judicial economy.  Finally, Defendants contend that Mr. Williams and Mr. Michael may not intervene in this action because they are both members of the class bringing the main action.  In their view, only a non-party "outsider" may intervene in an action.  Although it is not at all clear that intervention is limited to "outsiders," as absent or unnamed class members may intervene under certain circumstances, see In re Discovery Zone Secs. Litig., 181 F.R.D. 582, 589 (N.D. Ill. 1998), Plaintiffs Michael and Williams are actively participating in this litigation and do not meet the standard for permissive intervention.

Rule 24(b) of the Federal Rules of Civil Procedure allows for "anyone" to permissively intervene, "[o]n timely motion" who has "a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(A)-(B).  Determining whether a motion for permissive intervention should be granted is within the discretion of the district court.  See PA Prison Soc'y v. Cortes, 622 F.3d 215, 232 (3d Cir. 2010); Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

The Court finds that the motion is not timely, and that these additional claims do not satisfy the commonality requirement of Rule 24.  First, regarding the timeliness requirement, although discovery was still ongoing at the time that the instant motion was filed, this action was instituted five years ago and the class was certified approximately two-and-a-half years ago. (Doc. Nos. 1, 61.)  Plaintiffs Michael and Williams, or the class of Plaintiffs, had ample opportunity to seek leave to add claims to this action during the protracted history of this case. Moreover, the warrants scheduling these Plaintiffs' executions were issued months ago, but the instant motion was not filed until October 15, 2012, approximately three weeks before the date on which Mr. Michael is scheduled to be executed.  To require Defendants to address the newly raised and legally complex claims included in the intervenor complaint literally at the eleventh hour would unfairly distract them from their ability to litigate the underlying Eighth Amendment claims that have defined this action since 2007 and would detract from the Court's orderly and timely consideration of matters that have been pending for five years.

Further, although it is clear that the subject of Williams and Michael's new claims relate

3

to the administration of the death penalty – the same broad subject matter at issue in the underlying litigation – the newly raised claims lack "common questions of law and fact" with the underlying claims in this action. The original complaint in this case raises an Eighth Amendment challenge to the lethal injection protocol based on an alleged risk of unnecessary pain and suffering. (Doc. No. 1.) In the intervenor complaint, Mr. Williams and Mr. Michael attempt to raise three additional distinct claims. First, they bring a state law claim relating to the statutory authority of the DOC and the manner in which the lethal injection protocol was adopted under state regulatory laws governing notice and publication and agency authority to act by policy statements (Claim II). Additionally, Plaintiffs Michael and Williams frame a due process claim based on these allegations (Claim III), as well as a claim related to their right to access counsel and the courts (Claim IV). The gravity of these claims is no substitute for commonality. Permissive intervention is permitted only "when no additional issues are presented to the case, when the intervenor's claims are virtually identical to class claims, and when intervention would strengthen the adequacy of class representation." Eckert v. Equitable Life Assurance Soc'y of U.S., 227 F.R.D. 60, 64 (E.D.N.Y. 2005) (internal citations and quotation marks omitted).

The Court has assumed that these eleventh hour claims are advanced in good faith and that Plaintiffs Michael and Williams have not delayed their presentation for tactical advantage. Nevertheless, allowing Mr. Williams and Mr. Michael to intervene to litigate these additional claims would unfairly expand the scope of the litigation, risking undue delay in this matter where time is of the essence. Permitting the addition of these new claims would essentially allow Plaintiffs Michael and Williams to initiate an entirely new lawsuit, a result not intended by Rule 24(b). See Washington Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97

(2d Cir. 1990) ("[Rule 24(b)] is not intended to allow for the creation of whole new suits by intervenors.").  Accordingly, the Court, in its discretion, will decline to allow Plaintiffs Michael and Williams to add these additional claims as intervenors, as this would substantially expand the scope of the main action and unduly complicate and confuse the underlying claims.

**ACCORDINGLY**, on this 6th day of November 2012, **IT IS HEREBY ORDERED THAT** the motion for permissive intervention (Doc. No. 125) is **DENIED**.  However, Plaintiffs Michael and Williams may pursue their Eighth Amendment challenge to Pennsylvania's lethal injection protocol as class members.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania