# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK ROBERT CHESTER, et al., :
    Plaintiffs :
     : Civil No. 1:08-cv-1261
v. :
     : (Chief Judge Kane)
JOHN E. WETZEL, et al., :
    Defendants :

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Several documents have been filed under seal in this case, pending a sealing decision from the Court. On September 26, 2012, Plaintiff Terrance Williams filed a motion for a sealing decision, asking the Court to permit pleadings referencing and discussing discovery materials to be filed publicly rather than under seal. (Doc. No. 96.)

On October 17, 2012, Defendants filed a response to Plaintiff Williams's motion, stating that any documents that attaches or references past or present redacted lethal injection protocols need not be sealed. (Doc. No. 133 at 1-2.) However, Defendants assert that any documents including additional information about the DOC's execution-related procedures that have been obtained through discovery should be filed under seal. (Id. at 2.) Moreover, Defendants assert that any document that reflects testimony by a person whose identity may not be disclosed under Pennsylvania law should be filed under seal to avoid violations of law and ensure the safety of those involved in the execution process. (Id.)

On October 19, 2012, Plaintiff Williams filed a reply brief, proposing a narrow sealing order, permitting documents to be filed under seal if they contain biographical information or other information from which the identities of the lethal injection team (LIT) members or other

1

staff members involved in the execution process could reasonably be inferred, and proposing other sealing parameters. (Doc. No. 134.)

Court documents are typically public in nature, and a protective order authorizing non-public filings should only be granted on a showing of good cause. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). The burden is on the party seeking the protective order to show, with specificity, that disclosure would work a "clearly defined and serious injury to the party seeking closure." Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). Rule 5.8 of the Local Rules for the Middle District of Pennsylvania provides that, unless otherwise prescribed by federal law, "no document shall be filed under seal unless authorized by an order of court."

In the instant matter, the compressed briefing schedule resulting from Pennsylvania's execution schedule resulted in non-compliance with this local rule. As a result, several documents were filed under seal as a cautionary measure. Many of these documents contain no sensitive information. Moreover, the burden is on the party seeking to prevent public disclosure of documents to make a showing as to why the documents should be sealed. The Court declines to, sua sponte, review the entire record in this case to determine which documents contain biographical information related to the LIT members or other confidential information. Nonetheless, the Court will unseal certain documents that it has determined contain no arguably protectable information.

**ACCORDINGLY**, on this 15th day of November 2012, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for a sealing decision (Doc. No. 96) is **GRANTED IN PART**.

2. Future filings containing biographical information about anyone involved in executions in Pennsylvania may be filed under seal, or redacted and filed publicly if possible. Any filings referencing information that is protected by law may be filed under seal, or redacted and filed publicly if possible. In all other instances, the parties shall comply with Local Rule 5.8 regarding sealing.

3. Defendants' motion to file their brief in opposition to Plaintiffs Michael and Williams's motion to intervene under seal (Doc. No. 158) is **DENIED**.

4. Defendants' motion to file their exhibit list and witness list under seal (Doc. No. 170) is **GRANTED** as the exhibit list (Doc. No. 171) contains biographical information about the LIT members and other sensitive information.

5. The Clerk of Court is directed to unseal Documents 140, 157, 158, 159, 160, 161, and 185.

6. Documents 168, 169, and 171 are witness lists and exhibit lists that contain sensitive information, and may remain sealed.

7. Defendants are directed to **SHOW CAUSE**, within 14 days of the date of this order, as to why each of the following documents should not be unsealed: Documents 97, 98, 108, 110, 131, 139, 141, 146, and 180. Defendants shall state with specificity why these documents should not be unsealed, referring to the specific content that they seek to protect from public dissemination.

8. Plaintiffs may respond within 14 days of Defendants' submission.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania