**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FRANK ROBERT CHESTER, <u>et</u> <u>al.</u>,** : | |
| **Plaintiffs** : | |
| : | **Civil No. 1:08-cv-1261** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **JOHN E. WETZEL, <u>et</u> <u>al.</u>,** : | |
| **Defendants** : | |

**MEMORANDUM ORDER**

Presently pending before the Court is a motion to intervene filed by the District Attorney

of Philadelphia. (Doc. No. 111.) For the reasons that follow, the Court will deny the motion.

**I.     BACKGROUND**

The above-captioned action is a class action lawsuit filed on November 9, 2007, pursuant

to 42 U.S.C. § 1983, challenging the constitutionality of Pennsylvania's lethal injection protocol.

Counsel has been appointed to represent the class, which consists of all persons who are

presently under a sentence of death in Pennsylvania or who at some point during the pendency of

this action will be under a sentence of death by lethal injection in Pennsylvania. On August 8,

2012, Governor Corbett signed a warrant setting Plaintiff Terrance Williams's execution for

October 3, 2012. (Doc. No. 97 ¶ 7.) Movant, the District Attorney of Philadelphia, was the

prosecuting agency in Williams's capital murder case.

On September 28, 2012, Judge Teresa Sarmina of the Court of Common Pleas of

Philadelphia granted a stay of Mr. Williams's execution and ordered that a new penalty phase be

held. That same day, the Commonwealth filed an emergency application under Pennsylvania

Rules of Appellate Procedure 1702(d) and 3316 to review Judge Sarmina's order staying Mr.

Williams's execution. On October 3, 2012, the Supreme Court of Pennsylvania denied the

Commonwealth's application for emergency relief and directed the prothonotary to set a briefing schedule. Plaintiff Williams's sentence continues to be the subject of litigation in the state courts. On October 3, 2012, the day on which Plaintiff Williams was scheduled to be executed, Movant filed the instant motion to intervene. (Doc. No. 111.)

## II.    DISCUSSION

Movant argues that he should be permitted to intervene, as of right under Rule 24(a) of the Federal Rules of Civil Procedure, because his rights and duties under state law – specifically, his interest in timely enforcing Plaintiff Williams's sentence – may be directly affected by the disposition of this case. (Doc. No. 112 at 4.) Alternatively, he argues that he should be permitted to intervene under the permissive Rule 24(b). Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(1) provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Additionally, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### A.    Intervention of Right

First, Movant argues that he is entitled to intervene under Rule 24(a)(2). To intervene as a matter of right under Rule 24(a)(2), a prospective intervenor must meet all four of the following factors: (1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998)).

An intervenor's interest must be one which "relat[es] to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). An intervenor must have a property interest or legally protectable interest in the instant matter. See Treesdale, 419 F.3d at 222-23; Kleissler, 157 F.3d at 972 ("[I]ntervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought."). While the Supreme Court has recognized that states have a "strong interest in enforcing its criminal judgments without undue interference from the federal courts," Hill v. McDonough, 547 U.S. 573, 584 (2006), this interest is not the type of interest contemplated by Rule 24(a)(2). The interest that Movant, as the prosecuting agency, has in enforcing the judgment against Plaintiff Williams is not sufficiently concrete to permit intervention as of right. Further, Movant's interest will not be impaired or affected by this case, and his interests are adequately represented by the parties and attorneys already in this action.

Thus, the Court finds that Movant is not entitled to intervene as of right under Rule 24(a)(2).

**B.     Permissive Intervention**

Movant also argues that he should be permitted to intervene under Rule 24(b).  Rule

24(b) of the Federal Rules of Civil Procedure allows for "anyone" to permissively intervene,

"[o]n timely motion" who has "a conditional right to intervene by a federal statute" or "has a

claim or defense that shares with the main action a common question of law or fact."  Fed. R.

Civ. P. 24(b)(1)(A)-(B).  Determining whether a motion for permissive intervention should be

granted is within the discretion of the district court.  See PA Prison Soc'y v. Cortes, 622 F.3d

215, 232 (3d Cir. 2010); Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982).  "In

exercising its discretion, the court must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

While Movant may desire a particular outcome in this case, he does not have a claim or

defense that shares with the main action a common question of law or fact.  This case relates to

the constitutionality of Pennsylvania's lethal injection protocol, and is entirely unrelated to the

underlying facts of Plaintiff Williams's criminal case.  Moreover, Movant's intervention would

unduly delay the complex litigation of this civil rights action.  Thus, the Court will not permit

Movant District Attorney of Philadelphia to intervene in this action.

**III.     MOTION TO FILE BRIEF UNDER SEAL**

Movant also filed a motion to file his brief in support of the motion to intervene (Doc.

No. 112) under seal.  (Doc. No. 113.)  Movant appears to have filed his motion to file the brief

under seal in an abundance of caution, because the brief references another motion that was filed

under seal.  However, upon review of the brief (Doc. No. 112), the Court finds that there is no

good cause to permit the brief to be filed under seal.  See Pansy v. Borough of Stroudsburg, 23

F.3d 772, 786 (3d Cir. 1994). Disclosure of the information contained in the brief will not "work a clearly defined and serious injury" to any of the parties in this case. <u>See</u> <u>Publicker Indus., Inc. v. Cohen</u>, 733 F.2d 1059, 1071 (3d Cir. 1984). Thus, the Court will not permit the brief to be filed under seal, and will direct the Clerk of Court to unseal it.

## IV.    CONCLUSION

**ACCORDINGLY**, on this 15th day of November 2012, **IT IS HEREBY ORDERED THAT** the District Attorney of Philadelphia's motion to intervene (Doc. No. 111) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the District Attorney of Philadelphia's motion to file its brief under seal (Doc. No. 113) is **DENIED**. The Clerk of Court is directed to unseal Document 112 on the docket.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania