IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK ROBERT CHESTER, et al., : | |
|     Plaintiffs : | |
| : | Civil No. 1:08-cv-1261 |
| v. : | |
| : | (Chief Judge Kane) |
| JOHN E. WETZEL, et al., : | |
|     Defendants : | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff Hubert Michael's motion for sanctions. (Doc. No. 175.) For the reasons that follow, the Court will deny the motion.

**I.    BACKGROUND**

On October 23, 2012, Plaintiff Michael filed a motion for stay of execution, temporary restraining order, or preliminary injunction in this class action challenging the constitutionality of Pennsylvania's lethal injection protocol. (Doc. No. 139.) The Court set an abbreviated briefing and discovery schedule to accommodate Plaintiff Michael's then-imminent execution date of November 8, 2012. In the days before his scheduled execution, a discovery dispute arose after Defendants refused to disclose information relating to the source of the drugs that they intended to use in Plaintiff Michael's execution, citing a state law that prohibited the disclosure. Magistrate Judge Carlson and the undersigned issued orders directing Defendants to disclose the requested information relating to the source of the drugs. (Doc. Nos. 156, 166.) On November 2, 2012, Plaintiff Michael filed the instant motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, asking the Court to grant his motion for a stay of execution due to Defendants' discovery violation. (Doc. No. 175.)

On November 5, 2012, at an evidentiary hearing on Plaintiff Michael's motion for stay of

1

execution, Defendants' counsel informed the Court that Defendants complied with the order two days earlier. Defendants' disclosure revealed that the drugs were compounded by a compounding pharmacy. Nonetheless, Plaintiff requested that the Court sanction Defendants by precluding them from opposing his motion for stay of execution. Plaintiff Michael's counsel argued that due to Defendants' eleventh-hour disclosure, he did not have sufficient time to fully develop a claim that the use of compounded drugs would create a risk that he would suffer unconstitutionally severe pain.

On November 6, 2012, the Court denied Plaintiff Michael's motion for stay of execution, and reserved ruling on his motion for sanctions. (Doc. No. 186.) Two days later, the Third Circuit stayed Mr. Michael's execution in a separate federal habeas corpus action not before the undersigned. Michael v. Wetzel, No. 12-9006 (3d. Cir. Nov. 8, 2012). That case continues to be litigated in the Third Circuit.

## II. DISCUSSION

On November 19, 2012, Defendants filed a brief in opposition to the pending motion for sanctions, arguing that their conduct does not warrant the imposition of sanctions. (Doc. No. 196.) The Court agrees that the sanctions that Plaintiff Michael requested are not warranted, and will deny his motion. Extreme sanctions, such as deeming a claim to be unopposed, are generally reserved for cases where bad faith can be demonstrated. See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (permitting the extreme sanction of dismissal in a case of flagrant bad faith and callous disregard of discovery responsibilities). In this case, the Court is satisfied that any discovery violations by Defendants were not in bad faith, and resulted from a highly compressed briefing and discovery schedule in a complex case.

Moreover, as earlier stated, Defendants supplied the requested information on November 3, 2012, and the discovery deadlines in the case have been extended.

**III.    CONCLUSION**

**ACCORDINGLY**, on this 14th day of January 2013, **IT IS HEREBY ORDERED THAT** Plaintiff Michael's motion for sanctions (Doc. No. 175) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania